UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY JEROME THOMAS,

                          Plaintiff,

                v.

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

DECISION AND ORDER

17-CV-6892L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On March 16, 2015, plaintiff, then 45 years old, filed applications for disability insurance and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act. Plaintiff alleged an inability to work since June 30, 2013. (Dkt. #7 at 14). His applications were initially denied. Plaintiff requested a hearing, which was held on December 6, 2016 via videoconference before Administrative Law Judge ("ALJ") Michael Carr. The ALJ issued a decision on February 27, 2017, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #7 at 14-22). That decision became the final decision of the Commissioner when the Appeals Council denied review on November 3, 2017. (Dkt. #7 at 1-3). Plaintiff now appeals from that decision.

The plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) remanding the matter for further proceedings (Dkt. #10), and the Commissioner has cross moved for judgment on the pleadings affirming the Commissioner's decision (Dkt. #14).

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision recites detailed findings of fact, and sets forth the evidence upon which they rest. Upon careful review of the complete record, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff is not totally disabled is supported by substantial evidence.

In examining plaintiff's application, the ALJ summarized plaintiff's medical records, particularly concerning his treatment for degenerative joint changes to the right wrist and hand, enucleated (surgically removed) left eye, and leukemia in remission, which the ALJ determined together constituted a severe impairment not meeting or equaling a listed impairment. I believe the evidence supports the ALJ's conclusion that plaintiff, then a forty-seven-year-old man with a high school education and past employment as an electrical assembler and wire harness assembler, was not totally disabled, due to the ALJ's finding at step five that several positions existed in the economy that plaintiff could perform, including assembler, inspector, and packer. (Dkt. #7 at 22).

I.      Plaintiff's Exertional Limitations

In determining plaintiff's RFC, the ALJ considered the medical record with regard to plaintiff's exertional limitations, which included treatment notes for leukemia (in remission after treatment), arthritic changes in the right hand, and surgical removal of the left eye.  Limitations indicated by plaintiff's treatment records included mild intermittent diarrhea (a side effect of medication), intermittent pain and swelling in the right hand, and monocular vision.  Based on this evidence, the ALJ determined that plaintiff retained the exertional RFC to perform a full range of light work, but with limitations to more than occasional climbing of ramps and stairs, ladders, ropes and scaffolds; no more than occasional stooping, kneeling, crouching and crawling; no more than frequent handling and fingering with the right arm and hand; no work on conveyor belts or assembly lines; no operation of a motor vehicle for commercial purposes; no unprotected heights; and the ability to be off-task for up to 5% of the workday.

Plaintiff argues that the ALJ erred failed to complete the record with respect to plaintiff's leukemia, because he didn't solicit any specific functional assessments concerning the diagnosis. Plaintiff claims that this gap caused the ALJ to erroneously omit limitations relative to plaintiff's leukemia from his RFC determination, such as accommodations for fatigue, immunosuppression-related environmental restrictions, and the need for frequent bathroom breaks.

The Court disagrees.  The ALJ's duty to develop the record is not "infinite," and when, as here, "evidence in hand is consistent and sufficient to determine whether a claimant is disabled, further development of the record is unnecessary."  *Kinslow v. Colvin*, 2014 U.S. Dist. LEXIS 25717 at \*12 n.10 (N.D.N.Y. 2014).  *See also Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir.

1999) (where there are no "obvious gaps" in the record, the ALJ is not obligated to seek additional information).

The record in this case includes over 120 pages of medical treatment records, including records related to plaintiff's leukemia treatment, with RFC assessments from at least four physicians and one social worker. Plaintiff does not allege, nor is there evidence to otherwise suggest, that additional records would have contained any findings or evidence not already accounted-for in the record. The ALJ does not appear to have overlooked the effects of plaintiff's leukemia: he explicitly reviewed and discussed plaintiff's cancer treatment records, and discussed plaintiff's diarrhea, his antibiotic regimen, and related side effects. (Dkt. #7 at 20). In any event, there appears to be no dispute that plaintiff's leukemia treatments were successful at achieving remission: as such, it is unclear what purpose would have been served by the ALJ thereafter requesting a consulting physician's opinion concerning plaintiff's leukemia-related limitations. On balance, I find that the record before the ALJ was sufficiently complete to render a well-reasoned determination, and that his conclusions concerning plaintiff's exertional limitations were supported by substantial evidence.

## II. Plaintiff's Non-Exertional Limitations

In assessing plaintiff's non-exertional limitations under the "paragraph B" criteria (20 C.F.R., part 404, Subpt. P, App. 1), the ALJ determined that plaintiff was mildly restricted in activities of daily living, had mild difficulties in social functioning, experienced mild difficulties in concentration, persistence or pace, and had mild limitations in adapting and managing himself. (Dkt. #7 at 17).

The ALJ found that plaintiff had additional impairments, consisting of cannabis and alcohol dependence, post-traumatic stress disorder ("PTSD"), and major depressive disorder.

4

The ALJ did not assess any of these latter impairments as "severe," and noted that although plaintiff had been treated in the past for anxiety, his "medication regimen worked well." (Dkt. #7 at 20). *See* Dkt. #7 at 331 (February 9, 2016 treatment note: "[plaintiff] is off antidepressants and has not had increased anxiety/depression").

Initially, plaintiff contends that the ALJ erred by failing to consider the effect of plaintiff's non-severe impairments on his RFC. The Court disagrees. The ALJ sufficiently explained the basis for his finding that plaintiff's mental impairments caused no more than mild limitations in any functional area, and were therefore not severe. Indeed, plaintiff's medical records concerning anxiety and depression demonstrate conservative and effective treatment, with limited use of anti-depressant medications and no evidence of impaired functioning other than plaintiff's own periodic complaints that he had difficulty sleeping and/or getting along with others. Consulting psychologist Dr. Christine Ransom opined that plaintiff's mental limitations were no more than mild, and consulting psychologist Dr. Yu-Ying Lin found greater than mild limitations only with respect to dealing with stress, decision-making and schedule-keeping. (Dkt. #7 at 228, 320-21).[1]

Plaintiff also contends that the ALJ erroneously failed to perform a "drug and alcohol abuse" ("DAA") analysis, which would have entailed making separate RFC determinations, assessing the plaintiff's limitations with and without substance abuse. However, a DAA analysis is required only after a claimant with substance abuse issues is initially found disabled. *See* 20 C.F.R. §404.1535(a). It is not required where, as here, the claimant is found not disabled.

---

[1] To the extent that plaintiff claims the ALJ erred in not incorporating additional RFC limitations to account for difficulties with stress, decision-making and interpersonal relationships, such restrictions would not change the outcome: as the ALJ noted, "[i]f the claimant was reduced to jobs with [restrictions to simple, routine tasks with no more than occasional interaction with supervisors, coworkers and the public], there would be no impact on the [occupations identified by the VE]." (Dkt. #7 at 22).

Finally, plaintiff claims that the ALJ failed to properly support his implicit finding that plaintiff's testimony as to the intensity, persistence and limiting effects of his symptoms was not entirely credible.

An ALJ "may discount plaintiff's testimony to the extent that it is inconsistent with medical evidence, the lack of medical treatment, and [claimant's] own activities during the relevant period." *Lovell v. Colvin*, 137 F.Supp.3d 347 (W.D.N.Y. 2015) (quoting *Wischoff v. Astrue*, 2010 U.S. Dist. LEXIS 37961 at *17 (W.D.N.Y. Apr. 16, 2010)). Plaintiff's testimony concerning his activities of daily living, which included living entirely independently, engaging in personal care, shopping, doing chores, and performing sporadic work as a temporary factory employee, contradicted his testimony regarding debilitating symptoms, and was appropriately considered by the ALJ in rendering a determination. (Dkt. #7 at 19-20).

I have considered the rest of plaintiff's claims, and find them to be without merit.

On balance, I find that the record simply does not support plaintiff's claim of total disability. As such, I concur with the ALJ and conclude that there is substantial evidence to support his determination as to plaintiff's residual functional capacity. There is no dispute that the positions identified by vocational expert Georgette Gunther at the plaintiff's hearing are consistent with this RFC, and with plaintiff's age, educational background and past work experience. I find no reason to modify the ALJ's decision.

## CONCLUSION

The plaintiff's motion for judgment on the pleadings (Dkt. #10) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is granted. The

Commissioner's decision that plaintiff was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 31, 2019.